UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

CHARLIE CAMPBELL,

          Plaintiff,

-against-                              MEMORANDUM & ORDER
                                          05-CV-2858 (FB)

NEW YORK CITY POLICE,

          Defendant.
---------------------------------------------------------x

**BLOCK, District Judge:**

       *Pro se* plaintiff Charlie Campbell ("Campbell") brings this action, following his arrest on December 5, 2004. The Court grants Campbell's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and directs him to submit an Amended Complaint within 30 days of the date of this order as detailed below.

I.

       Campbell's Complaint provides the following factual allegations:

> On December 5, 2004 I called the police to my house, because, when I c[a]me home, my door was broken in to. Things were out of place. My girlfriend came to my house, we had some words and I ask[ed] her to leave. When I came back into the kitchen, P.O. Eric Downes, push[ed] me down and started hitting me and kick[ing] me in my side[;] he told me that he could do what he want[ed] because, it was his words against mine. And the court was going to take his words over mine he officer Eric Downes proce[e]ded to beat me, then took me to jail. I was put in jail for nothing. And they beat the hell out of me.

Compl. ¶ 3. As a result, he raises claims of false arrest, false imprisonment and a

1

conspiracy among the defendants to deprive him of his constitutional rights; he seeks $125,000 in damages.

## II.

In reviewing Campbell's Complaint, the Court is mindful that because he is proceeding *pro se* his submission should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Nonetheless, under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief"; an action is deemed frivolous as a mater of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

As an initial matter, Campbell cannot pursue a claim against the New York City Police Department ("NYPD") because, as an agency of the City of New York, it lacks independent legal existence and cannot be sued. *See Basnight v. Rossi*, 2003 WL 722810, at *3 (E.D.N.Y. Mar. 4, 2003) (holding that NYPD is a non-suable entity). Furthermore, "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citation omitted). Therefore, Campbell should submit an Amended Complaint naming as defendants in the caption the individuals who were personally involved in the events that he claims violated his rights. If he does not know the true identity of an

individual defendant, he must provide as much detail as possible, such as a physical description of each defendant, whether the defendant was a man or a woman, what position or job each defendant held, and place of employment.

### 1. False Arrest and False Imprisonment

Campbell claims both false arrest (a federal claim pursuant to section 1983) and false imprisonment (a state law claim); "save for the requirement that the [federal claim] be under color of state law, both torts are substantially the same." *Posr v. Doherty*, 944 F.2d 91, 96 (2d Cir. 1991). To establish either claim, a plaintiff must show that "the defendant intentionally confined him without his consent and without justification." *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004). Campell's Complaint, if amended to name as defendants those personally involved, is sufficient to state such claims.

### 2. Conspiracy

To establish a conspiracy under § 1983, a plaintiff must show: (1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002). Here, Campbell has not alleged, except in the most conclusory terms, the existence of a conspiracy. *See* Compl. ¶5 ("False police report was given . . . as a direct and proximate result of the *conspiracy* between defendants and others." (emphasis added)). Mere conclusory allegations are insufficient to state a claim under § 1983. *See Ciambriello*, 292 F.3d at 224 ("[C]omplaints containing only conclusory, vague, or general allegations that

3

the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct."); *Straker v. Metropolitan Transit Auth.*, 333 F. Supp. 2d 91, 101 (E.D.N.Y. 2004) (explaining that "there is a distinction to be drawn between fair notice of what a plaintiff's claim is and the grounds upon which it rests; conclusory allegations cannot satisfy the latter." (internal quotations omitted)). In an Amended Complaint, Campbell should set forth the relevant facts that support his allegation of a conspiracy.

## CONCLUSION

Campbell is granted leave to file an Amended Complaint within thirty (30) days from the date of this Order. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days for Campbell to comply with this order. If he fails to comply with this order within the time allowed, the Complaint shall be dismissed. *See* 28 U.S.C. § 1915A. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

S0 ORDERED.

FREDERIC BLOCK
United States District Judge

Dated: Brooklyn, New York
August 10, 2005